UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD.<br><br>Plaintiffs,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.<br><br>Defendant. | Case No. 23-cv-10071<br><br>**COMPLAINT** |

Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. allege as follows:

**PRELIMINARY STATEMENT**

1.  This is a breach of contract action arising from the failure of Defendant Petróleos de Venezuela, S.A. ("PDVSA") to make contractually mandated principal and interest payments on four series of notes (the "Notes") beneficially held by Plaintiffs and issued by PDVSA. PDVSA issued the Notes pursuant to three separate indentures: the 2007 Indenture, the 2013 Indenture, and the 2014 Indenture (the "Indentures"). Under the terms of the Notes and the Indentures, PDVSA made unconditional promises to make punctual principal and interest payments. Since late 2017, however, PDVSA has failed to make contractually mandated principal and interest payments on the Notes. Plaintiffs seek to recover all due and unpaid principal and interest payments on the Notes, together with any principal and interest payments that may yet accrue and remain unpaid prior to final judgment.

**PARTIES**

2.  Plaintiff Pharo Gaia Fund, Ltd. ("Pharo Gaia") is a Cayman Islands exempted company organized and existing under the laws of the Cayman Islands. Its investment manager is

Pharo Management, Inc., a Delaware corporation whose principal place of business is in New York, New York.

3. Plaintiff Pharo Macro Fund, Ltd. ("Pharo Macro") is a Cayman Islands exempted company organized and existing under the laws of the Cayman Islands. Its investment manager is Pharo Management, Inc., a Delaware corporation whose principal place of business is in New York, New York.

4. Plaintiff Pharo Trading Fund, Ltd. ("Pharo Trading") is a Cayman Islands exempted company organized and existing under the laws of the Cayman Islands. Its investment manager is Pharo Management, Inc., a Delaware corporation whose principal place of business is in New York, New York.

5. Defendant PDVSA is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela ("Venezuela"). PDVSA is a "foreign state" under 28 U.S.C. § 1603 because Section 1603(a) defines a "foreign state" to include "an agency or instrumentality of a foreign state," and PDVSA is wholly owned by Venezuela, a foreign state.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1330(a) because this is a nonjury civil action against a foreign state not entitled to sovereign immunity under 28 U.S.C. §§ 1605–07 or under any applicable international agreement. PDVSA has explicitly and unconditionally waived sovereign immunity under the Notes and Indentures with respect to actions arising out of or based on the Notes or the Indentures. PDVSA therefore is not entitled to immunity under 28 U.S.C. §§ 1605–07 or under any applicable international agreement. In addition, under 28 U.S.C. § 1605(a)(2) PDVSA is not entitled to sovereign immunity because this action is based upon PDVSA's commercial activity, including marketing and offering the Notes in the United

States; promising to make payments in the United States; directing the actions of its agents in the United States; and breaching its contractual obligations to Plaintiffs and others.

7. This Court has personal jurisdiction over PDVSA because PDVSA explicitly and irrevocably submitted to the jurisdiction of this Court with respect to actions arising out of the Indentures or any Notes issued thereunder.  In addition, once Plaintiffs serve PDVSA in accordance with 28 U.S.C. § 1608, this Court will have personal jurisdiction over PDVSA under 28 U.S.C. § 1330(b).

8. Venue is proper because PDVSA consented to and waived any objection to venue in this Court with respect to actions arising out of or based on the Indentures or any Notes issued thereunder.  Venue is proper in this district under 28 U.S.C. § 1391(f).

9. PDVSA has appointed Corporation Service Company as its agent to receive and forward any writs, process, and summonses in any suit, action, or proceeding brought in connection with the Indentures or the Notes against PDVSA in any federal or state court sitting in Manhattan, New York City.

## FACTUAL ALLEGATIONS

10. The 2007 Indenture is a contract among PDVSA, PDVSA Petróleo S.A., as guarantor, The Bank of New York, as trustee, registrar, and principal paying agent, and The Bank of New York (Luxembourg) S.A., as Luxembourg listing agent and paying agent, dated April 12, 2007.  The 2007 Indenture provides that it is governed by New York law.

11. The 2013 Indenture is a contract among PDVSA, PDVSA Petróleo S.A., as guarantor, Law Debenture Trust Company of New York, as trustee, Citibank, N.A., as registrar, transfer agent, and principal paying agent, and Banque Internationale à Luxembourg, Société

Anonyme, as Luxembourg listing agent and paying agent, dated November 15, 2013. The 2013 Indenture provides that it is governed by New York law.

12. The 2014 Indenture is a contract among PDVSA, PDVSA Petróleo S.A., as guarantor, Law Debenture Trust Company of New York, as trustee, Citibank, N.A., as registrar, transfer agent, and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent, dated May 16, 2014. The 2014 Indenture provides that it is governed by New York law.

13. PDVSA issued each series of the Notes under the 2007 Indenture, the 2013 Indenture, or the 2014 Indenture. The Notes are governed by their terms, as set forth in the Notes themselves and in the offering documents for each series. The terms of the Indentures and Notes provide that the Notes are governed by New York law.

14. Plaintiffs are beneficial owners of the Notes in the following amounts:

| Series | ISIN | Final Maturity Date | Interest Payment Dates | Indenture | Plaintiff Beneficial Holders | Principal Amount |
|---|---|---|---|---|---|---|
| 6.00% 2024 Notes | USP7807HAT25 | May 16, 2024 | May 16; Nov. 16 | 2014 Indenture | Pharo Gaia | $ 205,000,000 |
|  |  |  |  |  | Pharo Macro | $ 35,167,700 |
|  |  |  |  |  | Pharo Trading | $ 17,832,300 |
| 6.00% 2026 Notes | USP7807HAR68 | Nov. 15, 2026 | May 15; Nov. 15 | 2013 Indenture | Pharo Trading | $ 11,500,000 |
| 5.375% 2027 Notes | XS0294364954 | Apr. 12, 2027 | Apr. 12; Oct. 12 | 2007 Indenture | Pharo Macro | $ 3,332,300 |
|  |  |  |  |  | Pharo Trading | $ 1,667,700 |
| 5.50% 2037 Notes | XS0294367205 | Apr. 12, 2037 | Apr. 12; Oct. 12 | 2007 Indenture | Pharo Macro | $ 8,000,000 |
|  |  |  |  |  | Pharo Trading | $ 4,000,000 |

15. Beginning in November 2017, PDVSA began to cease meeting its obligations under the Notes. Since then, PDVSA has missed every contractually mandated interest payment on the Notes for each series, as follows:

| Series | Dates of Missed Interest Payments |
|---|---|
| 6.00% 2024 Notes | Nov. 16, 2017; May 16, 2018; Nov. 16, 2018; May 16, 2019; Nov. 16, 2019; May 16, 2020; Nov. 16, 2020; May 16, 2021; Nov. 16, 2021; May 16, 2022; Nov. 16, 2022; May 16, 2023 |
| 6.00% 2026 Notes | Nov. 15, 2017; May 15, 2018; Nov. 15, 2018; May 15, 2019; Nov. 15, 2019; May 15, 2020; Nov. 15, 2020; May 15, 2021; Nov. 15, 2021; May 15, 2022; Nov. 15, 2022; May 15, 2023 |
| 5.375% 2027 Notes | Apr. 12, 2018; Oct. 12, 2018; Apr. 12, 2019; Oct. 12, 2019; Apr. 12, 2020; Oct. 12, 2020; Apr. 12, 2021; Oct. 12, 2021; Apr. 12, 2022; Oct. 12, 2022; Apr. 12, 2023; Oct. 12, 2023 |
| 5.5% 2037 Notes | Apr. 12, 2018; Oct. 12, 2018; Apr. 12, 2019; Oct. 12, 2019; Apr. 12, 2020; Oct. 12, 2020; Apr. 12, 2021; Oct. 12, 2021; Apr. 12, 2022; Oct. 12, 2022; Apr. 12, 2023; Oct. 12, 2023 |

16. In addition to missed interest payments, PDVSA has failed to make certain principal payments on the 6.00% 2024 Notes. The 6.00% 2024 Notes require PDVSA to make principal payments in three equal installments on May 16, 2022, May 16, 2023, and May 16, 2024. PDVSA has failed to make the first two installment payments.

17. Because PDVSA has failed to make interest payments due on the Notes for thirty days or more and has failed to make principal payments, multiple events of default exist under the terms of the Notes.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract on the 6.00% 2024 Notes)

18. Plaintiffs Pharo Gaia, Pharo Macro, and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

19. The 6.00% 2024 Notes are valid, enforceable, and outstanding obligations of PDVSA.

20. Plaintiffs, as beneficial owners of the 6.00% 2024 Notes, have performed any obligations they may have under the 6.00% 2024 Notes and the 2014 Indenture.

21. Starting with the November 16, 2017, interest payment, PDVSA has failed to make each contractually mandated interest and principal installment payment on the 6.00% 2024 Notes.

22. As a result, PDVSA has breached its contractual obligations to Plaintiffs, and PDVSA is liable to Plaintiffs for all unpaid accrued principal and interest, principal and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

23. Plaintiffs have been authorized to bring this action as beneficial owners of the 6.00% 2024 Notes.

**SECOND CLAIM FOR RELIEF**
(Breach of Contract on the 6.00% 2026 Notes)

24. Plaintiff Pharo Trading repeats and realleges the allegations set forth in the foregoing paragraphs.

25. The 6.00% 2026 Notes are valid, enforceable, and outstanding obligations of PDVSA.

26. Plaintiff, as beneficial owner of the 6.00% 2026 Notes, has performed any obligations it may have under the 6.00% 2026 Notes and the 2013 Indenture.

27. Starting with the November 15, 2017, interest payment, PDVSA has failed to make each contractually mandated interest payment on the 6.00% 2026 Notes.

28. As a result, PDVSA has breached its contractual obligations to Plaintiff, and PDVSA is liable to Plaintiff for all unpaid accrued interest, principal and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

29. Plaintiff has been authorized to bring this action as beneficial owner of the 6.00% 2026 Notes.

**THIRD CLAIM FOR RELIEF**
(Breach of Contract on the 5.375% 2027 Notes)

30. Plaintiffs Pharo Macro and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

31. The 5.375% 2027 Notes are valid, enforceable, and outstanding obligations of PDVSA.

32. Plaintiffs, as beneficial owners of the 5.375% 2027 Notes, have performed any obligations they may have under the 5.375% 2027 Notes and the 2007 Indenture.

33. Starting with the April 12, 2018, interest payment, PDVSA has failed to make each contractually mandated interest payment on the 5.375% 2027 Notes.

34. As a result, PDVSA has breached its contractual obligations to Plaintiffs, and PDVSA is liable to Plaintiffs for all unpaid accrued interest, principal and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

35. Plaintiffs have been authorized to bring this action as beneficial owners of the 5.375% 2027 Notes.

**FOURTH CLAIM FOR RELIEF**
(Breach of Contract on the 5.50% 2037 Notes)

36. Plaintiffs Pharo Macro and Pharo Trading repeat and reallege the allegations set forth in the foregoing paragraphs.

37. The 5.50% 2037 Notes are valid, enforceable, and outstanding obligations of PDVSA.

38. Plaintiffs, as beneficial owners of the 5.50% 2037 Notes, have performed any obligations they may have under the 5.50% 2037 Notes and the 2007 Indenture.

39. Starting with the April 12, 2018, interest payment, PDVSA has failed to make each contractually mandated interest payment on the 5.50% 2037 Notes.

40. As a result, PDVSA has breached its contractual obligations to Plaintiffs, and PDVSA is liable to Plaintiffs for all unpaid accrued interest, principal and interest that may accrue and remain unpaid prior to final judgment, and prejudgment interest.

41. Plaintiffs have been authorized to bring this action as beneficial owners of the 5.50% 2037 Notes.

## REQUEST FOR RELIEF

Plaintiffs demand judgment against PDVSA as follows:

a. A money judgment in an amount to be determined at trial, but not less than all accrued and unpaid principal and interest, including principal and interest that may accrue and remain unpaid prior to final judgment, plus prejudgment interest, post-judgment interest, and attorneys' fees and costs.

b. Such other and further relief as the Court shall deem just and proper.

Dated:   November 15, 2023

                                                         GIBSON, DUNN & CRUTCHER LLP

                                                         By:  */s/ Matthew D. McGill*
                                                              Matthew D. McGill
                                                              Nick Harper
                                                              (*pro hac vice forthcoming*)
                                                              Edward Ferguson
                                                              (*pro hac vice forthcoming*)
                                                              1050 Connecticut Avenue, N.W.,
                                                              Washington, D.C.  20036
                                                              Telephone:  202.887.3680
                                                              mmcGill@gibsondunn.com
                                                              nharper@gibsondunn.com

                                                              *Attorneys for Plaintiffs*