UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>Defendant. | Case No. 23-cv-10071-JSR |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.

Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. (together, "Plaintiffs") own beneficial interests in four series of notes (the "Notes") issued by Defendant Petróleos de Venezuela, S.A ("PDVSA"). Pursuant to Federal Rule of Civil Procedure 55(b)(2), Rule 55.2 of the Local Rules, and the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), Plaintiffs have moved for default judgment against PDVSA. For the reasons set forth below, Plaintiffs' motion is GRANTED.

## DISCUSSION

The court may "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Where default judgment is sought against a foreign state or its instrumentality, the Court must find that the claimant has "establishe[d] [its] claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). "This standard may be met through uncontroverted factual allegations, which are supported by documentary and affidavit evidence." *Prince v. Gov't*

*of People's Rep. of China*, No. 13-CV-2106, 2017 WL 4861988, at *3 (alteration and quotation marks omitted).

## I.     Service

Service in this case is governed by the FSIA, which imposes specific requirements on the service of a "foreign state," including an "agency or instrumentality" of a foreign state. 28 U.S.C. §§ 1603(a), 1608. PDVSA is an "agency or instrumentality" of the Bolivarian Republic of Venezuela, a foreign state. Service in this case therefore must be made by the methods listed in descending order of preference in 28 U.S.C. § 1608(b)(1)-(3).

Section 1608(b)(1) of the FSIA provides that service may be made "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality." 28 U.S.C. § 1608(b)(1). The Notes and related indentures create a "special arrangement" within the meaning of Section 1608(b)(1). The Notes and indentures provide that PDVSA "irrevocably appointed" agents to accept "legal process" in any "action, suit or proceeding brought in the United States District Court for the Southern District of New York," and that "such appointment shall be so long as the Notes remain Outstanding or until the appointment by the Issuer … of a successor in The City of New York as its agent for such purpose and the acceptance of such appointment by such successor." *E.g.*, McGill Decl. in Support of Mot. for Default J. ("McGill Decl."), Ex. A (2024s Indenture), Form of Reverse of Note § 20; *id.*, Ex. A (2024s Indenture) § 10.09(b).

For two series of the Notes, PDVSA appointed as authorized agent the Corporation Service Company at 1180 Avenue of the Americas, Suite 210, New York, NY 10036, United States. *See* McGill Decl., Ex. A (2024s Indenture), Form of Reverse of Note § 20; *id.*, Ex. B (2026s Indenture), Form of Reverse of Note § 20. For the other two series of the Notes, PDVSA appointed as

2

authorized agent CT Corporation at 111 Eighth Avenue New York, NY 10011, United States. *See id.*, Ex. C (2027s and 2037s Indenture), Forms of Reverse of Note § 18.

The complaint in this case was filed on November 15, 2023. *See* Dkt. 1. According to the Affidavits of Service, Plaintiffs served Corporation Service Company on November 17, 2023 and CT Corporation on November 30, 2023. Dkt. 9, 10. On November 21, 2023 Plaintiffs' counsel received a letter from Corporation Service Company stating that it was not able to accept service on PDVSA's behalf. On December 8, 2023 Plaintiffs' counsel received a letter from CT Corporation stating that is not the registered agent for PDVSA.

Plaintiffs have represented that they have not been able to find any successor agents of PDVSA in the City of New York and that PDVSA has not provided notice of the appointment of any successor agents. McGill Decl. ¶ 9. Plaintiffs also have represented that their counsel emailed PDVSA's litigation counsel in other cases in this jurisdiction and elsewhere requesting information on PDVSA's registered agent in New York, but received no response. *Id.*

Because PDVSA irrevocably appointed designated agents in the Notes and has not appointed successor agents in the City of New York, Plaintiffs complied with the contractual arrangements and Section 1608(b)(1) of the FSIA by serving those designated agents. *See Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, No. 03-cv-9892, 2004 WL 1574732, at *3 (S.D.N.Y. July 13, 2004).

Pursuant to 28 U.S.C. § 1608(c)(2), and (d), a foreign state served pursuant to 28 U.S.C. § 1608(b)(1) "shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made." Here, the Affidavits of Service show service was completed on November 17, 2023 and November 30, 2023. Thus, PDVSA's answer or other responsive pleading was due (at the latest) on January 29, 2024, 60 days after November 30, 2023.

3

PDVSA has failed to plead or otherwise defend the action by January 29, 2024, the date required under 28 U.S.C. § 1608(d). PDVSA is not an infant, in the military, or an incompetent person. PDVSA therefore is in default, and Plaintiffs obtained a certificate of default from the Clerk of Court on February 21, 2024.

## II. Sovereign Immunity

The FSIA provides that a foreign state (including its instrumentalities) "shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Section 1605 of the FSIA provides that a "foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case ... in which the foreign state has waived its immunity either explicitly or by implication." 28 U.S.C. § 1605(a)(1).

In the Notes and related indentures, PDVSA explicitly waived its sovereign immunity in any suit "in respect of its obligations under the Transaction Documents," which include the Notes and indentures. McGill Decl., Ex. A (2024s Indenture), Form of Reverse of Note § 20; *id.*, Ex. B (2026s Indenture), Form of Reverse of Note § 20; *id.*, Ex. C (2027s and 2037s Indenture), Form of Reverse of Note § 18. Plaintiffs' suit on the Notes is one "in respect of" PDVSA's "obligations under the Transaction Documents." Thus, because PDVSA agreed to waive sovereign immunity in this case, this Court has jurisdiction over Plaintiffs' suit. *See EM Ltd. v. Rep. of Argentina*, 695 F.3d 201, 203 & n.1 (2d Cir. 2012), *aff'd sub nom. Rep. of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

## III. Liability

Plaintiffs have contractual standing to bring these claims against PDVSA because the record holders of the Notes have authorized this suit. *See Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 243 (2d Cir. 2005).

4

Based on the allegations in the complaint and the supporting documentation provided by Plaintiffs, PDVSA is liable for breach of contract. Under New York law, which applies under the terms of the Notes, the "essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach." *Junger v. John V. Dinan Assocs., Inc.*, 164 A.D.3d 1428, 1430 (2d Dept 2018) (quotation omitted). The Notes are valid contracts and Plaintiffs' allegations and supporting documentation show that they have met all of their obligations.

Upon review of the complaint and evidence submitted by Plaintiffs, the Court finds that:

1) On the 6.00% 2024 Notes, designated USP7807HAT25, PDVSA failed to make contractually required interest payments on the following dates: Nov. 16, 2017; May 16, 2018; Nov. 16, 2018; May 16, 2019; Nov. 16, 2019; May 16, 2020; Nov. 16, 2020; May 16, 2021; Nov. 16, 2021; May 16, 2022; Nov. 16, 2022; May 16, 2023; Nov. 16, 2023. PDVSA further failed to pay installment principal payments on May 16, 2022 and May 16, 2023.

2) On the 6.00% 2026 Notes, designated USP7807HAR68, PDVSA failed to make contractually required interest payments on the following dates: Nov. 15, 2017; May 15, 2018; Nov. 15, 2018; May 15, 2019; Nov. 15, 2019; May 15, 2020; Nov. 15, 2020; May 15, 2021; Nov. 15, 2021; May 15, 2022; Nov. 15, 2022; May 15, 2023; Nov. 15, 2023.

3) On the 5.375% 2027 Notes, designated XS0294364954, PDVSA failed to make contractually required interest payments on the following dates: Apr. 12, 2018;

Oct. 12, 2018; Apr. 12, 2019; Oct. 12, 2019; Apr. 12, 2020; Oct. 12, 2020; Apr. 12, 2021; Oct. 12, 2021; Apr. 12, 2022; Oct. 12, 2022; Apr. 12, 2023; Oct. 12, 2023.

4) On the 5.50% 2037 Notes, designated XS0294367205, PDVSA failed to make contractually required interest payments on the following dates: Apr. 12, 2018; Oct. 12, 2018; Apr. 12, 2019; Oct. 12, 2019; Apr. 12, 2020; Oct. 12, 2020; Apr. 12, 2021; Oct. 12, 2021; Apr. 12, 2022; Oct. 12, 2022; Apr. 12, 2023; Oct. 12, 2023.

PDVSA's failure to make payments required by the Notes' terms constitutes a breach of contract. *See Casa Express Corp. v. Bolivarian Rep. of Venezuela*, 492 F. Supp. 3d 222 (S.D.N.Y. 2020); *MMA Consultants 1, Inc. v. Rep. of Peru*, 245 F. Supp. 3d 486, 517 (S.D.N.Y. 2017).

## IV. Damages

Upon review of the complaint and evidence submitted by Plaintiffs, the Court determines the following:

1) PDVSA is liable to Pharo Gaia in the amount of $136,666,666.67 for missed principal installment payments and $79,950,000 for missed interest payments on the 6.00% 2024 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

2) PDVSA is liable to Pharo Macro in the amount of $23,445,133.33 for missed principal installment payments and $13,715,403 for missed interest payments on the 6.00% 2024 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

3) PDVSA is liable to Pharo Trading in the amount of $11,888,200 for missed principal installment payments and $6,954,597 for missed interest payments on the 6.00% 2024 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

4)  PDVSA is liable to Pharo Trading in the amount of $4,485,000 for missed interest payments on the 6.00% 2026 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

5)  PDVSA is liable to Pharo Macro in the amount of $1,074,666.75 for missed interest payments on the 5.375% 2027 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

6)  PDVSA is liable to Pharo Trading in the amount of $537,833.25 for missed interest payments on the 5.375% 2027 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

7)  PDVSA is liable to Pharo Macro in the amount of $2,640,000 for missed interest payments on the 5.50% 2037 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

8)  PDVSA is liable to Pharo Trading in the amount of $1,320,000 for missed interest payments on the 5.50% 2037 Notes, as well as prejudgment interest accruing at 9% under CPLR § 5004 and attorneys' fees.

## V. Alternative Service

The FSIA requires that any default judgment against a foreign state's agency or instrumentality be served in accordance with the FSIA's procedures for serving the complaint and summons. *See* 28 U.S.C. § 1608(e). Service of the complaint and summons must be made by the methods listed in descending order of preference in 28 U.S.C. § 1608(b)(1)–(3).

Section 1608(b)(1) authorizes service "in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality." 28 U.S.C. § 1608(b)(1). If "no special arrangement exists," Section 1608(b)(2) authorizes service of an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of

process in the United States," or "in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(b)(2).

Under Section 1608(b)(3), "if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice," service can be made by alternative methods that are "reasonably calculated to give actual notice," including "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served," or "as directed by order of the court consistent with the law of the place where service is to be made." 28 U.S.C. § 1608(b)(3).

Plaintiffs have represented that they will serve the default judgment on PDVSA in accordance with the "special arrangement" set forth in the Notes and Indentures, 28 U.S.C. § 1608(b)(1)—that is, by serving PDVSA's irrevocably appointed agents, Corporation Service Company and CT Corporation. Out of an abundance of caution, however, Plaintiffs request this Court's authorization to serve the default judgment, the complaint, and the summons on PDVSA by certified mail under Section 1608(b)(3). The Court grants Plaintiffs' request.

Plaintiffs can resort to service under Section 1608(b)(3) because service under Section 1608(b)(2) is currently unavailable. Venezuela has "no agents in the United States with the authority required by § 1608(b)(2)." *Stansell v. Revolutionary Armed Forces of Colombia*, No. 16-mc-405, 2023 WL 6173524, at *7 (S.D.N.Y. Sept. 22, 2023). And Plaintiffs have been unable to locate any officers or agents of PDVSA in the United States, other than Corporation Service Company and CT Corporation. Service also cannot be made "in accordance with an applicable international convention." 28 U.S.C. § 1608(b)(2). Nicolás Maduro, the former President of Venezuela, retains power in Venezuela and therefore controls the entities that would receive such service. As Venezuela has explained, "service under the Hague Convention, or by delivery to the

Ministry of Foreign Affairs," would be ineffective because it "would require the Court to recognize the actions and decrees of the Maduro regime, in contravention of the Executive's exclusive recognition of" Venezuela's National Assembly as the legitimate government of Venezuela. McGill Decl., Ex. L at 17; *see also LS Energia Inc. v. Corporacion Electrica Nacional S.A.*, No. 21-cv-21642, 2023 WL 122196, at *3 (S.D. Fla. Jan. 6, 2023) (noting "the documented history of Venezuela not engaging in service under the terms of the Hague Convention").  For the same reason, service under the Inter-American Convention on Letters Rogatory and Additional Protocol is also unavailable.

Because service under Section 1608(b)(2) is currently unavailable, the Court grants Plaintiffs' request to use alternative means of service under Section 1608(b)(3).  Specifically, the Court authorizes Plaintiffs to serve the default judgment, the complaint, and the summons, along with certified Spanish translations, by certified mail "addressed and dispatched by the clerk of the court" to:

- PDVSA, at the following address provided in the Notes and Indentures:

  Petróleos de Venezuela, S.A.
  Avenida Libertador
  Edificios Petroleos de Venezuela, Torre Este
  La Campiña
  Caracas 1050, Venezuela

- Horacio Francisco Medina Herrera, the President of PDVSA's Ad Hoc Board, at the address provided by Mr. Medina as his primary residence and business address in registration statements submitted by him pursuant to the Foreign Agents Registration Act (McGill Decl., Exs. M, N, O) :

  2216 Adams Street #307
  Hollywood, FL 33020

- PDVSA's Ad Hoc Board, at the address provided by Mr. Medina in a registration statement under the Foreign Agents Registration Act (McGill Decl., Ex. N):

  2216 Adams Street #307
  Hollywood, FL 33020.

## CONCLUSION

For the reasons stated, Plaintiffs' motion for default judgment is GRANTED.

Dated 3/9, 2024

Honorable Jed S. Rakoff
United States District Judge