UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA, S.A., <br><br> Defendant. | Case No. 23-cv-10071-JSR |



**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO VACATE DEFAULT JUDGMENT AND VOLUNTARILY DISMISS CLAIMS WITHOUT PREJUDICE**

In March 2024, Plaintiffs Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd. obtained a default money judgment against Defendant Petróleos de Venezuela, S.A. (PDVSA)—Venezuela's state-owned oil company and alter ego—based on the company's failure to make contractually mandated payments on four series of notes. That judgment is one of three that Plaintiffs have obtained since 2020 to enforce Venezuela and PDVSA's debt obligations. Having attempted to enforce their prior judgments against Venezuela for years, Plaintiffs now move to vacate their default judgment against PDVSA under Rule 60(b)(6) and dismiss their claims without prejudice under Rule 41(a)(2), which will remove a practical impediment to Plaintiffs' ability to transfer or otherwise deal efficiently with the underlying notes. For the reasons that follow, the Court will grant the motion.

**I.   BACKGROUND**

In the past few years, Plaintiffs have obtained three money judgments against Venezuela and PDVSA. In 2020 and 2021, Plaintiffs obtained two separate money judgments against Venezuela for its breach of contractual obligations on various series of sovereign bonds. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela* (*Pharo I*), No. 19-cv-3123 (S.D.N.Y. Oct.

16, 2020), ECF 62; *Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela (Pharo II)*, No. 20-cv-8497 (S.D.N.Y. Oct. 25, 2021), ECF 34.

Plaintiffs then filed this case against PDVSA in October 2023. ECF 1. Plaintiffs alleged that PDVSA was in breach of its contractual obligations on four series of notes beneficially held by Plaintiffs—the 6.00% 2024 Notes, 6.00% 2026 Notes, 5.375% 2027 Notes, the 5.5% 2037 Notes. Plaintiffs served PDVSA consistent with the Foreign Sovereign Immunities Act, but PDVSA failed to appear. Plaintiffs therefore filed a motion for default judgment. ECF 18.

In March 2024, this Court granted Plaintiffs' motion for default judgment. The Court held that PDVSA had waived sovereign immunity and breached its contractual obligations, and that Plaintiffs were entitled to damages. ECF 24.

In March 2024, the Court entered a final default judgment in favor of Plaintiffs. ECF 34. The judgment awarded Plaintiffs a total of $315,487,599.80 in unpaid principal and accrued contractual interest, plus post-judgment interest and attorneys' fees. *Id.* In June 2024, counsel for PDVSA entered appearances in this case, ECF 27, 28, and soon thereafter informed Plaintiffs that PDVSA intended to move to vacate the default judgment. PDVSA has not yet done so, though in another case it successfully moved to vacate a similar default judgment entered by this Court on the same day as Plaintiffs' default judgment. *See G&A Strategic Invs. I LLC v. Petróleos de Venezuela, S.A. (G&A)*, No. 23-cv-10772 (S.D.N.Y. Aug. 1, 2024), ECF 46.

Plaintiffs have made extensive efforts to enforce their prior and related judgments against Venezuela and PDVSA. For example, Plaintiffs have engaged in post-judgment discovery over a period of two years, which has resulted in multiple protective orders and litigation in other courts. *See, e.g., Pharo I*, ECF 81, 89; *Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. N21M-06-084 (Del. Super. Ct. Aug. 20, 2021).

Sanctions by the U.S. government, however, generally prevent the enforcement of judgments against the property of Venezuela or PDVSA. 31 C.F.R. § 591.407; *see also* Exec. Order No. 13884 (Aug. 5, 2019). These sanctions were widely viewed as an attempt by the U.S. government to effect a regime change in Venezuela. *See, e.g.*, Virginia López & Sibylla Brozinsky, *US Hits Nicolás Maduro with Sanctions After Venezuela's 'Sham' Election*, Guardian (July 31, 2017), https://tinyurl.com/5b7u2f76. Regime change has not occurred, and the sanctions have recently been strengthened. *See* Office of Foreign Assets Control, General License No. 41B, "Authorizing the Wind Down of Certain Transactions Related to Chevron Corporation's Joint Ventures in Venezuela" (Mar. 24, 2025).

The Office of Foreign Assets Control has discretion to grant specific licenses exempting certain property from this sanctions regime, but Plaintiffs have identified only one specific license issued by OFAC authorizing enforcement against attachable property of Venezuela or PDVSA— namely, the license authorizing attachments of the shares of CITGO's holding company, PDVH, in Delaware federal court. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* (*Crystallex*), No. 1:17-mc-00151-LPS (D. Del. May 5, 2023), ECF 555. Before this suit was filed, Plaintiffs registered their prior judgments in Delaware federal court and have obtained attachments of the PDVH shares. *See Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 23-mc-360-LPS (D. Del. Aug. 3, 2022), ECF 1. Since then, Plaintiffs have participated in the ongoing sale process in that court. *See Crystallex*, ECF 679, 745, 778, 809, 1030, 1122. But it appears unlikely that Plaintiffs will obtain any relief from the future auction of the PDVH shares because creditors preceding Plaintiffs hold approximately $18 billion in judgments, *see Crystallex*, ECF 789-1, and recent bids do not come close to that number, *see, e.g.*, *Crystallex*, ECF 1596, at 15 (bid of approximately $3.7 billion).

While the sanctions against Venezuela remain in place, Plaintiffs' default judgment has had the practical effect of making it more difficult for them to transfer or otherwise deal efficiently with the underlying notes. Because a portion of the debt originally evidenced by the notes has merged into the judgment, Plaintiffs' notes are not fungible with notes that are not subject to a judgment. To get the full bundle of creditor rights, a transferee of Plaintiffs' notes would also need to take an assignment of the judgment. Although OFAC has issued a general license authorizing secondary-market trading of PDVSA notes, *see* OFAC, General License No. 9H, (Oct. 18, 2023), https://tinyurl.com/5x4fcbjp, OFAC has not clarified whether it views the assignment of a judgment against Venezuela or PDVSA as prohibited by sanctions. Plaintiffs represent that the judgment is therefore limiting their current ability to deal efficiently with the notes. They also point out that their status as judgment creditors is unlikely to provide any benefit in a future restructuring of PDVSA's or Venezuela's external debt because Venezuela's stated policy is to treat judgment creditors no different than other creditors in a restructuring. *See Pharo I*, ECF 44-1, at 2. Plaintiffs therefore have asked this Court to vacate their judgment under Rule 60(b)(6) and dismiss the underlying claims without prejudice under Rule 41(a)(2).

## II.  **LEGAL STANDARDS**

Under Rule 60(b), the Court may, "[o]n motion and just terms, the court may relieve a party ... from a final judgment" based on six grounds for relief. Plaintiffs seek to vacate their judgment under Rule 60(b)(6), which authorizes vacatur for "any other reason that justifies relief" beyond the first five subparts of Rule 60(b). "Relief is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotation omitted). To warrant relief under Rule 60(b)(6), Plaintiffs' motion must also have been "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Under Rule 41(a)(2), the Court may dismiss an action "on terms that the court considers proper." Voluntary dismissal generally "will be allowed if the defendant will not be prejudiced thereby." *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quotation omitted).

### III.   DISCUSSION

Based on its consideration of the facts and the law, the Court determines that granting Plaintiffs' motion is warranted here.

Vacatur of Plaintiffs' default judgment under Rule 60(b)(6) is appropriate because this case involves "extraordinary circumstances" and Plaintiffs' default judgment "work[s] an extreme and undue hardship" against them. *Brien*, 588 F.3d at 176.

This case presents an extraordinary set of facts. Unlike most Rule 60(b)(6) cases, Plaintiffs here are moving to vacate a default judgment *in their favor*. That unusual situation is due to a combination of PDVSA's failure to satisfy the default judgment and the U.S. government's prolonged sanctions against Venezuela and PDVSA, which have rendered Plaintiffs' default judgment practically worthless despite their extensive efforts to enforce prior and related judgments. Those are just the sort of "unforeseen contingencies" that Rule 60(b)(6) was designed to accommodate. *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 255 n.9 (3d Cir. 1986).

Plaintiffs' default judgment also "work[s] an extreme and undue hardship" against them. *Brien*, 588 F.3d at 176. As explained, sanctions not only forbid Plaintiffs from enforcing their default judgment but also make it more difficult for them to transfer or otherwise deal more efficiently with the underlying notes. Plaintiffs have represented that the resulting lack of liquidity due to OFAC's refusal to clarify that an assignment of the judgment is permissible harms them. That unusual but acute hardship also justifies relief here.

Plaintiffs also cannot seek relief through the first five subparts of Rule 60(b). They are not seeking to "correct legal errors by the court." *Brien*, 588 F.3d at 175; *see* Fed. R. Civ. P. 60(b)(1).

5

They also are not relying on "newly discovered evidence" that calls into question the legal basis for the judgment, asserting that the judgment was procured through "fraud ... , misrepresentation, or misconduct by an opposing party," or claiming that the "judgment is void." Fed. R. Civ. P. 60(b)(2), (3), (4). And Plaintiffs' default judgment is for money damages, not prospective injunctive relief. *See Ryan v. U.S. Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962) (explaining that Rule 60(b)(5) applies only to forward-looking injunctive orders and "does not cover the case of a judgment for money damages").

Finally, Plaintiffs made their motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Timeliness under Rule 60(c) depends upon "the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quotation omitted). Those factors favor vacatur. Plaintiffs sought to enforce prior and related judgments for years until it became clear that they were unlikely to obtain any recovery in Delaware from the auction of the PDVH shares. Vacatur of the default judgment will not prejudice PDVSA; instead, it will relieve PDVSA of a court order requiring it to pay hundreds of millions of dollars. PDVSA itself has successfully vacated a similar default judgment entered on the same day as Plaintiffs' judgment here. *G&A*, ECF 59. And the "public interest in preserving the finality of the judgment" is limited here because this case did not generate a precedential decision and does not affect non-parties. *Viera v. United States*, 595 F. Supp. 3d 1, 3 (S.D.N.Y. 2022) (quotation omitted).

The Court also determines that it is appropriate to dismiss Plaintiffs' claims against PDVSA without prejudice. Dismissal without prejudice will not harm PDVSA's interests. *D'Alto*, 100 F.3d at 283. As explained, PDVSA only benefits from the dismissal of claims that are the

subject of a default money judgment. The prospect that Plaintiffs could refile their claims against PDVSA at some future date is also unlikely and (in any event) does not provide a valid basis to deny their request. *Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996).

## IV.  CONCLUSION

For the reasons stated, it is hereby

**ORDERED** that Plaintiffs' motion to vacate their default judgment against Defendant and voluntarily dismiss their claims is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' default judgment against Defendant, ECF 25, is **VACATED**; and it is further

**ORDERED** that Plaintiffs' claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.

Dated  5/12, 2025

Honorable Jed S. Rakoff  
United States District Judge